for the appellant, Ms. Ahmed, and for the athlete, Mr. Thiel. You may proceed. May it please the court, counsel. Good morning. My name is Sadia Ahmed, and I'm from the Office of the State Appellant Defender. I represent Mr. Robert Wheeler in this appeal. Your Honors, all it took was a two-minute ride in a borrowed car with the wrong person at the wrong time to land Mr. Wheeler in prison for a term of eight years. Within minutes of that ride, the police stopped the driver, Jordan Brooks, who had just borrowed the car himself. The police then searched the car and found a handgun in the glove box. On this record, Your Honors, the State failed to prove beyond a reasonable doubt that Mr. Wheeler in fact knowingly possessed the handgun in this case. And this conclusion stems from two main reasons. First, the State's case hinged entirely upon the unbelievable testimony of a co-defendant. Counsel, I think your problem is those that the jury obviously believe Brooks. So what are we as a reviewing court to do about that? Your Honors, normally the jury's decision is entitled to deference. That is absolutely correct. But here we have an exceptional case. We have an exceptional case because the State clearly failed to fulfill its burden of proof here. Like as I mentioned earlier, the State's case hinged on this unbelievable testimony. And in addition to that, that testimony alone is insufficient to really show that Mr. Wheeler placed a handgun in the glove box. So Your Honors, really the jury did not have a proper basis for its decision here. And because it didn't have a proper basis, Mr. Wheeler is asking that this conviction be reversed. Now, Your Honors, with respect to the first main reason, although the testimony of a single witness is sufficient to convict a defendant, that testimony must be credible. Here, the testimony of Brooks, a co-defendant and a twice convicted felon, lacked complete credibility as demonstrated by the record. Brooks made it very clear that he hoped to benefit from testifying at trial. And I quote, Not unusual, right? That is, Your Honors, the thing is, he even mentioned that he wanted to keep himself from going to jail and that Mr. Wheeler was trying to put the whole situation off on me. Nonetheless, that put his credibility right in front of the jury so that they could see it and test it. That's right. For Your Honors, remember, now I'm actually heading into my second argument here. The jury was never instructed as to accomplish witness testimony. Counsel failed to request an accomplished witness instruction in a circumstance where the state's case hinged on the sole testimony of a co-defendant. And so they did not know how to really weigh this particular testimony, to view it with caution, because there's a credibility issue here. And thus, that is the problem. Therein lies the problem. Now, Your Honors, this also leads me into the insufficiency of the evidence arguments. Now, aside from Brooks' unreliable testimony, or unbelievable testimony, there's just not enough there in the record to really show that Mr. Wheeler placed his handgun in the glove box. Largely because there are so many unknowns in this case. There's a lot of room for interpretation. Brooks could have easily placed a handgun in that glove box, or that third-party owner that Brooks borrowed this car from. Anyone could have placed a handgun in there. And also, none of the testifying police officers, nor Brooks, testified to ever seeing a handgun on Mr. Wheeler's person at any time. In addition to that, there was no testimony as to any gestures or hand movements that were made towards the glove box. So there's just not enough there. Also, the State failed to establish that Mr. Wheeler constructively possessed a handgun. Now, to establish constructive possession, there must be knowledge of the presence of the weapon, and in addition to that, immediate and exclusive control of that weapon, or an intent to control the area in which the weapon is found. Now, under the first element, knowledge can be inferred from the visibility of the weapon, the timing which the defendant had of observing that weapon, and whether there were any gestures that indicator suggested concealing that weapon. Now, based on that legal framework, Your Honors, there's just not enough here. The handgun was not in plain view, simply because, according to police testimony, when the police officer actually opened that glove box, there were loose papers that were obscuring the handgun to a point that only the backside was exposed. And this is when the police officer was actively searching for incriminating evidence. Now, from the vantage point of Mr. Wheeler and Brooks, it is very likely that Brooks may have not seen the handgun. It was dark out, it was one or two in the morning, visibility is low, and so clearly the handgun was not in plain view. Secondly, Wheeler was only in the car for just a few minutes. He asked Brooks for a ride, he got in the car with him, and within minutes of leaving Brooks' mother's house, the police stopped the car. So that's not nearly enough time for him to observe the weapon. Now, going into the second element of constructive possession, which is immediate and exclusive control or intent to control, again, if anything, it was Brooks who had this intent to control. He was the driver of the car, he was in that car for a lot longer than Mr. Wheeler, he borrowed this car from a third party, Tanisha Brown, and he also borrowed that car a couple of times before. So if anything, he had that exclusive control of the vehicle, of the area in which the glove box was found. And because of that, Your Honors, the State failed to prove that Mr. Wheeler had constructive possession here. Counsel, did Mr. Wheeler's trial counsel argue these things in summation after the evidence had been presented that the gun itself wouldn't have been readily visible to Mr. Brooks when he was reaching for papers in the glove box, that it was nighttime, that Mr. Wheeler had only been in the car for a few minutes prior to the stop, that the owner possibly could have had the gun in there beforehand? In arguing the lack of constructive possession by Mr. Wheeler, was that argument made in closing? Your Honor, that specific argument was not made in closing. All the trial counsel actually stated was that there was insufficient evidence. There was not enough there. I can't remember exactly whether trial counsel specifically stated that, look, the handgun was not in plain view and that there were loose papers obstructing the handgun, but he did make a general insufficiency of the evidence claim here. Because if you take the State's argument based on the evidence, Brooks testifies that he reaches into the glove box to look for the insurance card and that he saw no gun there. That he then looks in the rear view mirror to see where the police officer was and after having left the glove box open, hears the glove box close, meaning the only other occupant in the car being Wheeler having closed the glove box and then ultimately a weapon being found, a gun being found in there. So certainly that would allow the jury to infer that Mr. Wheeler put the gun in there. In addition, according to Brooks, Wheeler made comments or suggested that they drive off.  So I'm curious why the jury couldn't find through circumstantial evidence that the gun was placed there by Wheeler. Your Honor, the jury could not have reasonably inferred that because of the fact that Brooks heard the glove box close or that Wheeler told them to drive off, that Mr. Wheeler placed the handgun in there. They couldn't have inferred this because, and my response to this would be twofold. First of all, this testimony is coming from Brooks, right? This co-defendant who had this motive to lie, who hoped to benefit from testifying to the trial. He made that very clear, Your Honor. And in addition to that, that testimony is still not enough because Wheeler could have just closed, shut that glove box. He could have just glimpsed the handgun, panicked, considering that he's a convicted felon, and so is Brooks, and shut it because he didn't want the police to see this handgun there. Now, just because he saw the handgun and he had knowledge of that presence, that's still not enough, Your Honors. There needs to be something more. There needs to be that intent to control. And Brooks' testimony is not enough to show that. There's so much room to interpret it. I mean, he could have easily placed that gun in there when he shoved his hand in there to remove that insurance information or that third party. Again, that testimony is not enough to really show that Mr. Wheeler placed the handgun in there. And that testimony where Brooks testified to Mr. Wheeler telling him to drive off, again, same reason. He could have just panicked because he saw the handgun there. It doesn't mean that it's necessarily his. It could have been Tanisha's. It could have been Brooks'. There's just not enough there, Your Honors. And a factual question. I wasn't able to really have this clarified in my mind as to which mirror Brooks is alleged to have been looking in to monitor the police officer's actions. He says that he obtained the insurance card from the glove box, left the glove box open, and then looked in the rearview mirror at the police officer. He's looking in the rearview mirror that's mounted to the windshield. His direction, he would have been directed more towards the passenger and maybe through his peripheral vision would have seen the action of Mr. Wheeler. Whereas if he's looking in the sideview mirror mounted to the driver's side door, then he wouldn't have been, logically, looking in the same direction as the passenger. So do you know which mirror it was that Brooks is alleged to have been looking in? Well, Your Honor, according to the record and what Brooks testified to, he was looking at the rearview mirror. And that's all we know from the record here. I don't know whether he was looking at anything else. All he testified to was the rearview mirror. Now, Your Honors, with respect to my second argument, Mr. Wheeler argues that defense counsel was ineffective for failing to request that the trial judge directly answer the jury's question involving a very crucial element of law, in particular, knowing possession. And also, where the state's main witness was the codefendant in this case, defense counsel failed to tender an accomplice witness instruction. And as a result of these errors, Mr. Wheeler was substantially prejudiced by it. Now, with respect to the jury question issue, the jury posed the following question during deliberations. Does Wheeler have possession if he only knew the gun was in the glove box? If. That if should clue you in on the objectivity of this question. The jury is essentially asking whether knowledge alone, is sufficient to prove possession. Contrary to the state's argument on appeal, the jury's uncertainty as to this meaning of knowing possession is an objective legal inquiry. And in that circumstance, the jury was entitled to an answer from the trial court. And the trial court failed to provide this answer. Redirecting them back to the jury instruction was insufficient here. It was insufficient because they had it to begin with, and yet they still had this uncertainty as to this knowledge component of knowing possession. You say that the trial court's response was insufficient. With the sake of argument here, assume that it was. What should the response have been? Well, Your Honor, I would suggest that the trial court answer the question in the negative. Of course, the answer is no. And in addition to that, supplement that response with an instruction stating the following. Knowledge of the presence of the weapon alone is insufficient to prove possession. Now, this is just a suggestion. But that's how I would ask the trial court to answer. Now, Your Honor, the state relies on people of the hooker to demonstrate that the question posed by the jury is a question of fact. And therefore, the trial court was not obligated to answer this question. Your Honor, Mr. Wheeler disagrees with this conclusion because, once again, I want to emphasize, because they're asking about a crucial element of law, this is an objective legal inquiry. They weren't asking whether Mr. Wheeler knew the handgun was in the glove box or whether he had knowledge in general. They're asking whether that's a required component. So there is a difference there. There is a difference. Now, Your Honor, with respect to the accomplice witness instruction, as I mentioned, defense counsel erred by failing to request that the trial court provide a accomplice witness instruction. And the reason being is because, again, the state's case hinged entirely upon this and the fact that he was charged with the same offense as Mr. Wheeler tells us that the jury needs to be instructed as to this particular testimony. In fact, when he's charged, does that mean that he is an accomplice and therefore your client was entitled to the instruction? Essentially, yes. Yes. Is there a case that says that? Yes, there is. People v. Henderson. In People v. Henderson, which is an Illinois Supreme Court case, if there is probable cause to believe that a witness participated in the commission of a crime, then the jury must be instructed as to this particular witness and that they need to know how to weigh it. Because, again, they need to view this testimony with extreme caution. And so, Your Honors, if there are no further questions, because of counsel's ineffectiveness, Mr. Wheeler respectfully requests that this Court reverse and remand the cause for a new trial. Thank you very much for your time. Thank you. You'll have additional time for rebuttal. Was the gun ever fingerprinted? It was not. Or if it was? I don't think it was, according to the record. Why that is, I couldn't say. May it please the Court? Counsel. As for the sufficiency of the evidence argument, Mr. Brooks did testify that he didn't see a gun in the glove box when he was searching through it for the insurance papers. While looking in the rearview mirror, again, not sure if it was the big one or the one on the left, he heard the glove box close. Didn't see defendant with the gun and didn't see defendant with the gun in there. He heard the glove box close. Defendant was the only other person in the car in the passenger seat directly in front of the glove box. Brooks stated defendant also tried to get him to speed off while they were running his ID. Officer Beasley testified that as soon as opening the glove box, he discovered the gun. And upon questioning on cross-examination, he reiterated that he knew it was a gun as soon as he opened the glove box. The picture, People's Exhibit 3, shows the gun situated as such in the glove box, and it shows how much space the gun takes up in the glove box. And I think it is covered partially by papers there, but it's clearly evident that it's a gun. So Officer Beasley's testimony was corroborated by that picture. And Brooks testified that he had never seen that gun before. The only logical inference the jury could make, and it was at least a reasonable inference, I would say it's the only inference the jury could make, is that the defendant put the gun in the glove box as the police were returning. Again, we have to remember, looking at the picture, there were several papers in there. So Brooks did have to search through the glove box to find the specific piece of paper, whatever his insurance card was. So not only would he have seen a gun, obviously, if he's looking at fine print on pieces of paper, he would have seen the gun as big as it was in the glove box. He also would have felt a gun. There was no testimony that there was any indication that there was a gun in the glove box before. And I think that's a logical inference, a reasonable inference for the jury to make, that there was not a gun in the glove box before Brooks opened it. His other testimony was that he left the glove box open because he was going to put the papers back. The illogical conclusion to that would be if he did see a gun or anything else illegal in the glove box, he presumably would have closed it. Or if he knew there was a gun in the glove box, he probably would have got the insurance before the police got up there so he wouldn't have to go into the glove box. He didn't. He left it open. One of the suggestions you make in your brief is that, and this is to bolster the credibility of Brooks, is that, well, if Brooks was lying, why didn't he tell a better lie, a more direct lie? And I'm curious, was that argument also made by the prosecutor at trial? I'm not certain that during the closing arguments that the prosecutor made that, but he did bring out evidence that obviously Brooks was charged with the same crime. As defendant, there was no hidden, everything was pretty transparent to the jury as far as credibility issues go here with Mr. Brooks. And again, the jury is in the best position to evaluate the credibility of all witnesses. Do you agree with counsel when she makes the argument that the jury, essentially by submitting the question, was asking, is knowledge alone enough? Do you think that's what the jury question meant? No, because there's a factual part to the question. They're basically asking, is he guilty or not here, because they're saying, does defendant have possession if he only knew the gun was in the glove box? It wasn't what is possession or what is knowing possession, it's does defendant have possession. Well, what would be the one word correct answer to the question that the jury did submit? With the evidence presented here, the answer would be yes, because there's only two theories that the evidence presented here allows. It's either the defendant put the gun in the glove box when the police officer was returning, or the gun was already in the glove box beforehand. Those are the only two conclusions from the evidence presented that's allowed here. Applying that to this question that at the most leads to the ultimate conclusion in the case, at the very least it influences the ultimate conclusion in the case. Both aren't allowed. I'm not sure I'm following you. So you're saying that the answer would necessarily, if we were confined to one word, response would be yes? Yes. Because I guess you're saying if defendant knew it was in there, he had to put it in there? Correct. Is that what you're saying? Those are the only possibilities allowed by the evidence. Those are the only reasonable conclusions. How about if Brooks was not believed and Brooks put it in there, and the defendant knew Brooks put it in there, but the defendant really didn't have anything to do with it other than knowing he was writing in a card with a gun in the glove compartment put in there by Brooks? Again, I would argue that there was no evidence really to support that theory. Then we're getting into the point of the trial court having to ask a secondary question back to the jury and it seems that that is not the point of the jury instructions, especially when the instructions here are so clear. Again, one of the requirements is that the instructions, if they are readily understandable and sufficiently explain the relevant law, then the court has discretion to refuse to answer, although they didn't refuse to answer here. They directed the jury back to the specific applicable instructions. They directed them back to the clear definition of possession that they got. They also got definitions of actual and constructive possession. People v. Averett, it's a Supreme Court case that's not in my brief, but I have the site here if you need it. Same exact situation. The jury had already received explicit instructions on the definition and elements of the charge of offense. The trial court apparently determined that the written instructions answered the jury's question on clarifying the charges. The trial court therefore directed the jury to review the jury instructions. The Supreme Court agreed that the jury instructions were readily understandable and explained the charge of offense. This is key. The trial court's reference to those instructions should have been sufficient to clarify the issue for the jury. Same thing happened here. The trial court referenced the instructions that were applicable to the jury's question in their response to the jury. And presumably, it did sufficiently clarify the issue for the jury because they didn't have any more questions for the trial court. And in fact, defense counsel, this is an ineffective account assistance argument, defense counsel suggested that the trial court point the jury in the directions of the applicable instructions in his argument. The trial court and defense counsel were correct. Pursuant to the Supreme Court in People v. Averett. You say that's not cited in your brief? It is not. I ran across it preparing for this oral argument. What's the citation? It's 237, Illinois 2nd, 1, 2010. But not only, as I explained, not only were the instructions readily understandable and sufficiently explained in the law, they also involved a question of fact as presented here. Again, the question was not does the defendant have knowing possession, what is possession, what is knowing possession? The question is does the defendant have possession, which goes to the ultimate conclusion of the case, but also does the defendant have possession if he only knew the gun was in the glove box? Here the state's theory of the case was that the defendant put the gun in the glove box as the police were returning to the car. The defendant's theory of the case was that the gun was already in there. So the only theories allowed were the ones I explained. The defendant's knowledge of the gun was key here, and any yes or no or affirmative or negative answer to that direct question would at the very least influence the jury in their ultimate conclusion, at the very most determine the ultimate conclusion of the case. As for the accomplice witness instruction, defense counsel was not ineffective for failing to tender that because an accomplice witness instruction is not proper here. That test, which I cited, People v. Kirchner, the test for determining whether an accomplice witness instruction is needed is whether there is probable cause to believe that the witness was guilty of the offensive issue. Kirchner demonstrates that it's not whether the defendant was charged. I would also argue that because the defendant charged should never rise to the level of probable cause that he's guilty of the offense, but it's the evidence presented at the defendant's trial by, well, not just by the witness, but by everyone, that the probable cause determination is made from. If there's sufficient evidence to determine probable cause at the trial, then the accomplice witness instruction should be given. Here there was no evidence presented suggesting that Brooks was involved with this possession of this gun. His testimony was uncontradicted, it was unimpeached, that he didn't see the gun and he had never seen the gun before. So here there was clearly not the requisite probable cause to believe that Brooks was guilty of the offensive issue. So obviously any tendering of an accomplice witness instruction would be rejected by the trial court. Therefore, counsel's performance was not objectively unreasonable. And again, I think it's important to remember that Brooks' testimony was consistent and uncontradicted and unimpeached when also determining the sufficiency of the evidence and the credibility evaluation by the jury here. It seems like you have another question. No? All right. Thank the court. Thank you. Rebuttal. Your Honors, I'd like to address the issue that State raised on appeal about the jury question being a question that would lead us to an ultimate verdict. Your Honors, Mr. Wheeler respectfully disagrees here because the jury is not asking the ultimate question of whether Mr. Wheeler, did he have knowing possession here? Or did he ultimately place the handgun in the glove box? The jury's not asking that. And again, I want to sort of hone in on the if within that question. The if sort of clues us in on the fact that they're just asking, does knowledge, is knowledge enough to show that he has knowing possession? Your Honors, this is a question of legal inquiry. This is not a question of fact. They're just clarifying a specific element of the knowing possession inquiry. Well, you cite to Oden in your brief, and that's the primary authority that you cite in support of your argument. And in Oden, it sounded like the jury was going down a path that they weren't instructed on at all into a possession theory that they had received no instructions on. And the court there said, well, the trial court was, it was incumbent on the trial court to address this confusion. But here in this case, the jury was instructed as to possession, correct? There was an instruction within that set of jury instructions that addressed this question. That's correct, Your Honors. They were instructed as to actual possession and constructive possession. But even despite having those instructions on hand, they were still confused. And according to People v. Childs, which is an Illinois Supreme Court case, when a jury is confused as to this explicit question of law, when they're confused as to specific elements, even despite having these readily understandable instructions, they still are entitled to an answer by the trial court. And they weren't given one. And because of that, they were misinformed as to the law that applied to this case. And that, there's a high possibility that they had rendered a faulty jury verdict because of that. Now, the state also argues – Counselor, are you familiar with the new case Mr. McNeil cited this morning? No, I'm not familiar with that, Your Honors. I also want to address the state's reference to People v. Kirchner. In Kirchner, Kirchner is factually dissimilar to the Inslee case because the sole witness in that particular case was not a co-defendant. He was not charged with the same offense as the defendant in that case. However, in Mr. Wheeler's case, Brooks was charged with the same offense involving the same handgun. And because of that, it establishes there's probable cause to believe that he participated in the commission of a crime. And because of that, the jury was entitled to an accomplished witness instruction and so that they could view this testimony with extreme caution. So, Your Honors, based on these clarifications, Mr. Wheeler respects the request of this Court to reverse and remand this cause for a new trial. Thank you, Counsel. We'll take this matter under advisement and stand in recess until the readiness of the next case.